1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN ROUSE,

        Plaintiff,

    v.

DOUG WADDINGTON *et al.,*

        Defendants.

Case No.  C06-5183RJB

ORDER DENYING PLAINTIFF'S
MOTION TO FILE A SECOND
AMENDED COMPLAINT

16

17

18

19

      This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Before the court is plaintiff's renewed motion to file a second amended complaint (Dkt. # 38).  Defendants have responded and do not oppose the motion (Dkt. # 39).  The response does not consider the file in this case or this courts prior rulings.

20

21

22

23

24

25

      The original complaint in this action challenged a disciplinary hearing where plaintiff lost 360 days of good time credits (Dkt. # 12).  A Report and Recommendation to dismiss the action prior to service was entered (Dkt. # 13).  Plaintiff then raised issues regarding medical treatment and cruel and unusual punishment.  Those issues were not part of the original complaint. (Dkt. # 15).  Plaintiff was granted leave to amend to raise his new issues (Dkt. # 16).  Claims relating to the disciplinary hearing and loss of good time were dismissed without prejudice as those claims must proceed by way of habeas corpus.

26

27

28

      The court ordered plaintiff to file an amended complaint and he complied with that order (Dkt. # 18 and 19).  The amended complaint was served.  Plaintiff then moved to file a second amended complaint, but, he did not supply a proposed amended complaint for the court to review (Dkt. # 25).  The motion was

ORDER
Page - 1

1  denied without prejudice (Dkt. # 27).

2      Plaintiff now files a second amended complaint and has renewed his motion to amend (Dkt. # 38).

3  Review of the second amended complaint shows plaintiff is again trying to challenge the propriety of the

4  disciplinary hearing where he lost 360 days of good time credit.  He specifically asks the court to expunge

5  the disciplinary infraction where he lost 360 days of good time credits.

6      The motion to amend is **DENIED.**   The court explained in the First Report and Recommendation:

7   [W]hen a person confined by government is challenging the very fact or duration of his
    physical imprisonment, and the relief he seeks will determine that he is or was entitled to
8   immediate release or a speedier release from that imprisonment, his sole federal remedy is a
    writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  In June 1994, the
9   United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available
    state remedies **has no cause of action under § 1983 unless and until the conviction or**
10  **sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of**
    **habeas corpus.**"  Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added).  The
11  court added:

12      Under our analysis the statute of limitations poses no difficulty while the
        state challenges are being pursued, since the § 1983 claim has not yet arisen.
13      . . . [A] § 1983 cause of action for damages attributable to an
        unconstitutional conviction or sentence does not accrue until the conviction
14      or sentence has been invalidated.

15  Id. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must
    be made based upon whether 'the nature of the challenge to the procedures [is] such as
16  necessarily to imply the invalidity of the judgment.' Id.  If the court concludes that the
    challenge would necessarily imply the invalidity of the judgment or continuing confinement,
17  then the challenge must be brought as a petition for a writ of habeas corpus, not under §
    1983."  Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v.
18  Balisok, 520 U.S. 641 (1997)).

19  (Dkt. # 13).

20      The Clerk is directed to send plaintiff and counsel for defendants a copy of this Order and remove

21  Dkt. # 38 from the court calendar.

22

23      DATED this 13, day of March, 2007.

24                      /S/ *J. Kelley Arnold*
                        J. Kelley Arnold
25                      United States Magistrate Judge

26

27

28

ORDER
Page - 2