UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN ROUSE,

Plaintiff,

v.

DOUG WADDINGTON, *et al.*,

Defendants.

Case No. C06-5183RJB

ORDER GRANTING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant's motion for a more definite statement (Dkt. # 42).

The amended complaint names seven defendants. Plaintiff lists headings for two Eighth Amendment causes of action, excessive use of force, and inadequate medical treatment (Dkt. # 19, page 1). He also mentions the Fourteenth Amendment. It is not clear to the court what Fourteenth Amendment cause of action plaintiff is attempting to raise (Dkt. # 19). In addition to his constitutional causes of action, plaintiff discusses a number of tort concepts such as intentional infliction of emotional distress, assault and battery, and loss of property (Dkt. # 19, pages 3 to 10).

The complaint wanders. Plaintiff begins with a “synopsis” that raises issues such as racial profiling and equal protection (Dkt. # 19, page 2). The complaint then addresses intentional infliction of emotional distress without tying the alleged conduct to the named defendants in any detail. Plaintiff next raises Assault and Battery and Inadequate Medical Care and these pages of the complaint, pages 5 to 10 are adequate although lengthy. On page10, plaintiff mentions loss of property, but, he does not tie the alleged loss to any named defendant. Defendants refer to the complaint as “prolix.” (Prolix is defined as “wordy or tedious, tending to speak or write at great length”). After carful review of the complaint the court concurs. Defendants motion for a more definite statement is well taken.

Neither the court nor the defendants, should be in a position of having to guess what causes of action plaintiff is alleging in his complaint. The defendants, under Fed. R. Civ. P. 8, are entitled to a short plain statement for each cause of action that explains three things: 1) who the defendants are for that cause of action, 2) what are the facts relating to the cause of action, and 3) what relief is the plaintiff seeking.

In order to state a claim under 42 U.S.C. § l983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 45l U.S. 527, 535 (l98l), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section l983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d l350, l354 (9th Cir. l985), cert. denied, 478 U.S. 1020 (l986).

Defendant’s motion for a more definite statement is **GRANTED.** Plaintiff will be given one month, until **May 18, 2007,** to file a second amended complaint. Given the history of this action, plaintiff is cautioned, the second amended complaint may not raise any allegations or claims that are not in his amended complaint filed August 28, 2006 (Dkt. # 19). Plaintiff may not add any new defendants. Plaintiff is expected to clarify for the court and counsel what causes of action he is pursuing, who are the defendants for each cause of action, and why each defendant is liable for each

cause of action.

The Clerk is directed to send copies of this Order to plaintiff and counsel for defendant's and note a due date of **May 18, 2007,** for the second amended complaint.

DATED this 11 day of April, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge