1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN ROUSE,

               Plaintiff,

      v.

DOUG WADDINGTON *et al*.,

               Defendants.

Case No.  C06-5183RJB

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**June 20, 2007**

     This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

     This complaint was originally transferred from the Eastern District of Washington in April of 2006 (Dkt. # 1).  After review of the complaint the court entered a Report and Recommendation to dismiss, as plaintiff was challenging his length of confinement (Dkt. # 13).  Plaintiff then sought leave to amend and add other claims regarding medical treatment.  He was given leave to amend in July of 2006  (Dkt. # 16).  It was not until November of 2006 that plaintiff provided the documents needed for service and the court ordered service by mail (Dkt. # 24).  Within two weeks of the order of service, plaintiff asked for leave to amend the

1   complaint (Dkt. # 25).  The motion was denied (Dkt. # 27).

2        In February of 2007 plaintiff again sought to amend the complaint and attempted to raise issues

3   regarding the length of his sentence and disciplinary charges.  These issues had already been dismissed from

4   the case (Dkt # 38).  The motion was denied (Dkt. # 41).

5        Defendants then moved for a more definite statement (Dkt. # 42). The court reviewed the amended

6   complaint and concurred with defendants that a more definite statement was needed (Dkt. #  43).  Plaintiff was

7   ordered to provide a second amended complaint that provided greater detail as to his claims.  Plaintiff has not

8   complied with that order.  Accordingly, the court recommends this action be **DISMISSED WITHOUT**

9   **PREJUDICE**.

10                                    DISCUSSION

11       As defendants noted in the motion for a more definite statement:

12           Fed. R. Civ. P. 8 requires a complaint to contain "a short and plain statement of the
         claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall
13       be simple, concise, and direct." Fed. R. Civ. P. 8(a), (e). If a pleading is so vague or
         ambiguous that a defendant "cannot reasonably be required to frame a responsive pleading,
14       the party may move for a more definite statement." Fed. R. Civ. P. 12(e). "If a pleading fails
         to specify the allegations in a manner that provides sufficient notice, a defendant can move
15       for a more definite statement under Rule 12(e) before responding." Swierkiewicz v. Sorema
         N.A., 534 U.S. 506, 514 (2002). Defendants are required to "point out the defects
16       complained of and the details desired." Fed. R. Civ. P. 12(e).

17   (Dkt. # 42, page 2).  Defendants met their burden and pointed out the specific defects in the complaint

18   (Dkt. # 42).  Plaintiff has not filed the second amended compliant.  In the motion for a more definite

19   statement defendants compare this action to McHenry v. Renne, 84 F.3d 1172 (9th. Cir. 1996).

20   Defendants argued:

21           Plaintiff's Amended Complaint is very similar to that addressed in McHenry v.
         Renne, 84 F.3d 1172 (9th. Cir. 1996). That complaint contained "mostly 'narrative
22       ramblings' and 'storytelling.'" Id. at 1176. The complaint did not conform to the traditional
         pleading style of a short and plain statement and did not "provide defendants notice of what
23       legal claims are asserted against which defendants." Id. The complaint was "argumentative,
         prolix, replete with redundancy, and largely irrelevant. It consist[ed] largely of immaterial
24       background information." Id. at 1177. The Ninth Circuit Court of Appeals affirmed
         dismissal of the complaint with prejudice for failure to comply with the District Court's
25       order to amend the complaint to comply with Fed. R. Civ. P. 8. Id. at 1180.

26       Plaintiff's amended complaint was somewhat rambling and defendants motion for a more definite

27   statement was well taken.  Plaintiff has failed to follow the court's order despite being given over a month

28   to comply (Dkt. # 43).  The court is not comfortable dismissing the action with prejudice, as the merits of

1    plaintiffs claims have not been addressed.  Accordingly, the court recommends this action be **DISMISSED**

2    **WITHOUT PREJUDICE.**  A proposed order accompanies this report and recommendation.

3            Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the

4    parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ.

5    P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v

6    Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to

7    set the matter for consideration on **June 20, 2007**, as noted in the caption.

8

9            DATED this 21 day of May, 2007.

10

11                                            */S/ J. Kelley Arnold*
                                             J. Kelley Arnold
12                                           United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 3