UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALVIN ROUSE,<br><br>   Plaintiff,<br><br>   v.<br><br>DOUG WADDINGTON *et al.*,<br><br>   Defendants. | Case No. C06-5183RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**July 20, 2007** |

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant's motion to dismiss (Dkt. # 50).

      This complaint was originally transferred from the Eastern District in April of 2006 (Dkt. # 1). After review of the complaint the court entered a Report and Recommendation to dismiss. Plaintiff was challenging loss of good time from a disciplinary hearing, and his claims directly implicated his length of confinement (Dkt. # 13). Plaintiff then sought leave to amend and add claims regarding medical treatment. He was given leave to amend in July of 2006 (Dkt. # 16). It was not until October of 2006, that plaintiff provided the documents needed for service and the court ordered service by mail (Dkt. # 24). Within two weeks plaintiff asked for leave to amend the amended complaint (Dkt. # 25). The motion was denied (Dkt. # 27).

      In February of 2007 plaintiff again sought to amend the amended complaint and attempted to raise issues regarding the length of his sentence and loss of good time from disciplinary actions (Dkt # 38). These issues had already been dismissed from the case. The motion was denied (Dkt. # 41).

REPORT AND RECOMMENDATION
Page - 1

1  Defendants then moved for a more definite statement (Dkt. # 42). The court reviewed the first amended
2  complaint (Dkt. # 19) and concurred with defendants that a more definite statement was needed (Dkt. # 43).
3  Plaintiff was ordered to provide a second amended complaint that provided greater detail as to his claims.
4  Plaintiff was specifically told not to raise any new claims or add any defendants (Dkt # 43). Plaintiff filed a
5  proposed second amended complaint (Dkt. # 49). The proposed second amended complaint violates the court's
6  order and prior rulings. Plaintiff attempts to raise the issues previously dismissed in this action. See, (Dkt. #
7  16). The proposed second amended complaint also adds new defendants and claims. Defendants move for
8  involuntary dismissal (Dkt. # 50). Plaintiff has "objected" (Dkt # 52).

## DISCUSSION

10  This case is over one year old. Plaintiff has repeatedly failed to file an acceptable complaint.
11  Plaintiff has now failed to follow a court order. Issues regarding length of sentence, loss of good time, and
12  disciplinary hearings have been dismissed from the action, yet plaintiff continues to attempt to raise these
13  issues in subsequent proposed amended complaints. In addition, plaintiff was specifically ordered by the
14  court not to include any new claims or new defendants in his second amended complaint. In April of 2007,
15  the court stated:

> Defendant's motion for a more definite statement is **GRANTED.** Plaintiff will be given one month, until **May 18, 2007,** to file a second amended complaint. Given the history of this action, **plaintiff is cautioned, the second amended complaint may not raise any allegations or claims that are not in his amended complaint filed August 28, 2006 (Dkt. # 19). Plaintiff may not add any new defendants. Plaintiff is expected to clarify for the court and counsel what causes of action he is pursuing, who are the defendants for each cause of action, and why each defendant is liable for each cause of action.**

(Dkt. # 43)(emphasis added). The proposed second amended complaint violates the court's order (Dkt. # 49). As defendants note, the proposed second amended complaint adds new defendants and contains claims that were not in the first amended complaint. Compare, (Dkt. # 19 and Dkt. # 49). Further, plaintiff is again raising disciplinary hearings issues that have been rejected by this court (Dkt. # 49). Defendants move to dismiss pursuant to Fed. R. Civ. P. 41 (b).

Fed. R. Civ. P. 41 (b) states:

> For failure of the plaintiff to prosecute or comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order of dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under rule 19, operates as an

1  adjudication upon the merits.

2  Dismissal for failure to follow a court order is warranted.  However, the court takes into account
3  plaintiff's status as a pro se litigant.  The court considers the proposed second amended complaint to be the
4  clearest document regarding his claims that plaintiff has filed.  Plaintiff clarifies that he has three claims, the
5  first centers around his twice being removed form general population and placed in administrative
6  segregation.  Plaintiff alleges this was done because of his race and religion and not for any legitimate
7  purpose (Dkt. # 49).  The court considers the claim to be an equal protection claim.   The second claim is
8  for inadequate medical care at the Stafford Creek Corrections Center on and before September 29, 2005.
9  From the prior complaint (Dkt. # 19) the court is aware plaintiff claims he was suffering from MYRSA
10 which is a antibiotic resistant bacterial infection.  The court considers this claim to be an Eighth
11 Amendment medical claim.  The third and final claim deals with use of force on September 29, 2005 in the
12 hospital area of the Stafford Creek Corrections Center.  The court also considers this claim as an Eight
13 Amendment claim.  These are the only three claims that should proceed in this action.

14 Plaintiff's failure to follow the court orders should result in the court not considering any claim
15 relating to the "new defendants" or the Washington State Penitentiary.

16 The court recommends Defendant's motion to dismiss be **DENIED** as to claims involving removal
17 from general population, use of force on September 29, 2005, and Medical treatment for "MYRSA" at the
18 Stafford Creek Corrections Center.  The court recommends **DISMISSAL WITHOUT PREJUDICE** as to
19 claims relating to disciplinary hearings and loss of good time. The court recommends **DISMISSAL WITH**
20 **PREJUDICE** as to all other claims.  A proposed order accompanies this report and recommendation.

21 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
22 parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ.
23 P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v
24 Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
25 set the matter for consideration on **July 20, 2007**, as noted in the caption.

26
27 DATED this 19 day of June, 2007.

28
/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3