1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

10

WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

CALVIN ROUSE,

13

Plaintiff,

v.

14

Case No.  C06-5183RJB/JKA

15

DOUG WADDINGTON *et al.,*

16

Defendants.

ORDER STAYING THIS CASE,
GRANTING DEFENDANT'S
MOTION FOR AN EXTENSION

17

OF TIME TO RESPOND TO A
MOTION TO COMPEL, AND

18

REMOVING DEFENDANT'S
MOTION FOR SUMMARY

19

JUDGMENT FROM THE
COURT'S CALENDAR UNTIL

20

AFTER THIS DISCOVERY
DISPUTE HAS BEEN

21

ADDRESSED

22

23

    This Civil Rights action, filed pursuant to 42 U.S.C. §1983, has been referred to the undersigned

24

Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).

25

    There is an ongoing discovery dispute in this action that must be addressed prior to the court

26

considering defendant's motion for summary judgment (Dkt # 71).  The discovery cutoff in this action was

27

January 25, 2008 (Dkt. # 62, scheduling order).  This means that for discovery to have been timely, it had

28

to have been received by December 26, 2007.  A possible exception to the December 26, 2007, cutoff date

ORDER
Page - 1

1    might be if the discovery was an item re-sent curing an error in discovery that had been sent earlier.

2        In September of 2007, plaintiff sent a first set of interrogatories to counsel.  The discovery was not

3    addressed to any specific party.  Counsel returned the discovery with a letter dated October, 11, 2007,

4    (Dkt. # 64, exhibits).

5        According to plaintiff, he resubmitted the first set of interrogatories November 27, 2007, addressed

6    to defendant Waddington (Dkt. # 64, exhibit declaration of plaintiff).  A second set of interrogatories and

7    requests for production was apparently sent after the December 26, 2007, date (Dkt. # 72, attachment B).

8    The court cannot tell from the record if this set of discovery merely identified a party and was related to

9    earlier discovery or if this requested of discovery was untimely.

10       In January of 2008, plaintiff moved to compel discovery and the court ruled the parties had not

11   properly conferred (Dkt. # 64 and 69).  The motion was denied without prejudice and with leave to renew

12   after the parties had conferred.

13       The file now contains a renewed motion to compel, (Dkt # 74), a motion to stay the action, (Dkt #

14   72), a motion from defendants for an extension of time to respond to the motion to compel (Dkt. # 75),

15   and the defendant's motion for summary judgment (Dkt. # 71).

16       Plaintiff's motion to compel, (Dkt # 74), and motion to stay, (Dkt # 72), were apparently not

17   properly served on defense counsel.  **Plaintiff is warned that all papers he sends to this court for**

18   **consideration must be properly served on opposing counsel or they will not be considered**.

19       Having reviewed the file the court now ORDERS:

20   1.   Plaintiff's motion to stay this action, (Dkt # 72), is **GRANTED.**  The action
          is now **STAYED**.  The parties are to file no further motions or papers
21        except as noted below.  The filing of other papers may result in sanctions.

22   2.   Defendant's motion to extend time to file a response to plaintiff's motion to
          compel, (Dkt # 75), is **GRANTED.  The court orders defendants to**
23        **include in their response a complete copy of every discovery request**
          **made in this action and the responses thereto.  Further, the court**
24        **requires copies of all correspondence between plaintiff and counsel**
          **regarding discovery.  Each document should be dated when it was**
25        **received or sent.   The response to the motion to compel is due April 18,**
          **2008.**
26
27   3.   **The court directs both plaintiff and defendant's counsel to read Fed. R.**
          **Civ. P. 37 (4) (A), (B), and (C).  The parties have been given an**
          **opportunity to resolve this dispute and have failed to do so.**
28
     4.   Plaintiff may file a reply to defendant's response to the motion to compel.

The reply will be due on or before **April 25, 2008.**

5.   Defendant's motion for summary judgment, (Dkt. # 70 and 71),  will not be considered until after the court rules on the pending discovery dispute and considers the issue of costs and sanctions. **The clerk is directed to remove the motion for summary judgment from the court's calendar**.

6.   The court will issue an order regarding this discovery dispute.  In that order Plaintiff will be given a date to file a response to the pending motion for summary judgment and defendants will be given an opportunity to reply. The summary judgment will be re-noted by the court.

7.   When the court considers the issuance of costs or sanctions under Fed. R. Civ. P. 37 (4), the party against whom the award is considered will be given an opportunity to address the court.

8.   The clerk is directed to send a copy of this order to plaintiff and counsel for defendants, remove Dkt. # 70, 71, 72, 74, and 75 from the court's calendar, and note the **April 25, 2008**, date as the date for consideration of the motion to compel (Dkt. # 74).

DATED this 25 day of March 2008.

_/S/ J. Kelley Arnold_
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 3