UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN ROUSE,

      Plaintiff,

  v.

DOUG WADDINGTON *et al.*,

      Defendants.

Case No.  C06-5183RJB/JKA

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL BUT REQUIRING DEFENDANTS TO PROVIDE CERTAIN DISCOVERY

      This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Before the court is plaintiff's renewed motion to compel answers to interrogatories and requests for production (Dkt # 74).  Defendants have responded (Dkt. # 77) the court ordered defendants to provide copies of all discovery requests and correspondence regarding discovery and counsel has complied.  Plaintiff has filed a reply (Dkt # 78).  The court stayed this action because of the discovery dispute and the court is aware defendants have filed a summary judgment motion (Dkt # 70). That motion, (Dkt. # 70) should be re-noted for **July 31, 2008.**  This will give the parties time to comply with this order and give plaintiff time to file a response to the motion for summary judgment and give the defendants time to file a reply.

ORDER
Page - 1

# FACTS

This action involves two separate Eight Amendment claims. One claim is for allegedly inadequate medical treatment. The other claim is for allegedly using excessive force. There is also an equal protection claim based the way plaintiff was allegedly treated by security staff at the Stafford Creek Corrections Center (Dkt. # 19).

Plaintiff claims he began suffering from arm and elbow pain and had a number of difficulties in seeing medical staff. He alleges that when he first approached custody staff he was told by custody staff it was just a spider bite. He also claims he had to sign up for sick call several times before being seen. Plaintiff alleges the first time he was sent to medical he was threatened by medical staff and told that if his condition was not life threatening he would be infracted for declaring an emergency (Dkt # 19). Plaintiff states he declined treatment rather than face a possible infraction.

Eventually plaintiff was seen and he avers he was diagnosed as suffering from MRSA, "Methicillin[sic] Resistant Staphylococcus Aures[sic]." MRSA is a life threatening contagious infection. Plaintiff alleges medical staff were rude to him and he refused treatment after diagnosis. Plaintiff alleges he attempted to leave the medical area. Plaintiff states custody staff used excessive force to prevent him from returning to his unit.

Plaintiff also claims he was repeatedly sent to the Intensive Management Unit and Administrative Segregation because of his religion, Muslim, and his race, African American. He alleges he was searched as often as six times a day.

The court set a discovery cutoff date of January 25, 2008. That means that discovery had to be sent by December 25, 2007 to be timely. Plaintiff sent counsel a first set of discovery requests, (five requests for production of documents), in September of 2007. The requests were not addressed to any specific named defendant as required by the Federal Rules of Civil Procedure (Dkt # 77, Exhibit 1 Attachment A). On October 11, 2007, counsel returned this discovery unanswered. A letter outlining the defect in the discovery was also sent to plaintiff (Dkt # 77, Exhibit 1, Attachment B).

On November 30, 2007, counsel for the defendants received a second set of discovery from the plaintiff (Dkt # 77, Exhibit 1, attachment C). This set of discovery suffered from the same defect as the original set. The discovery request was not addressed to any specific defendant. This time counsel sent

formal objections to the discovery. The objections were sent on the last possible day to respond, December 30, 2007. This effectively prevented plaintiff from attempting to cure the defects in his discovery.

Counsel's response contained a general objection as to form because the discovery was not sent to a specific defendant. Counsel also objected to each and every request because they were "defective in form as it combines an interrogatory with a request for production." For some of the interrogatories there was an additional objection as the request did not specify a time frame. Other objections include objecting because the request was compound, or because the information sought pertained to other inmates who are not parties in this action. Finally counsel objected to some of the questions as being vague or confusing (Dkt # 77, Exhibit 1, Attachment D). Counsels responses to the first and second sets of discovery amount to a complete denial of discovery.

On January 11, 2008, plaintiff sent a letter demanding a conference call on short notice. The plaintiff demanded he be contacted on January 17, 2008 (Dkt # 77 Exhibit 1 Attachment E). The letter only indicates that there was a "discovery dispute."

On January 22, 2008, counsel sent a letter to plaintiff asking for more information. The letter was sent five days after the time frame in plaintiff's letter (Dkt # 77, Exhibit 1, Attachment F). On January 25, plaintiff sent an untimely and improper set of discovery asking for everything in counsel's files on this case (Dkt # 77, Exhibit 1, Attachment G).

## DISCUSSION

After plaintiff first filed a motion to compel the court ordered the parties to confer (Dkt. # 68). The parties have not reached any agreement regarding discovery and this renewed motion follows. The court is displeased that the parties have not been able to reach an agreement. The majority of the information sought in plaintiff's first request for production of documents is certainly information plaintiff is entitled to have.

The scope of discovery is broad. Discovery may be sought as to any unprivileged matter relevant to the claim or defense of any party. The court may limit discovery if it is unreasonably cumulative, duplicative, can be obtained from another source, or if the discovery is overly burdensome. See Fed. R. Civ. P 26 (b)(i)(ii) and (iii).

The first and second sets of discovery were defective, mainly because they were not addressed to a specific defendant. Discovery must be addressed to a specific person, in part, because the person must sign the responses. This signature amounts to swearing the answers are true and complete to the best of the persons knowledge. It would be improper for counsel to answer the discovery and sign for the defendants, because there could be a subsequent motion arguing the answers were incomplete or improper. This may place counsel in the position of becoming a witness or becoming personally liable for sanctions.

When the first set of discovery was returned, plaintiff was clearly informed of the defect in his discovery request (Dkt. # 77, Exhibit 1, Attachment B). Yet, plaintiff submitted a second set of discovery with the same defect. Plaintiff cannot seek to compel answers to discovery that is not in proper form. As to the discovery sent on January 25, 2008, the request was not timely and seeks information from a non party to the action, counsel for defendants. Plaintiff's motion to compel, (Dkt. # 77), is **DENIED.**

That does not end the courts inquiry in this case. In examining plaintiff's first set of discovery, (Requests for Production of Documents), the court finds very little in the requests to be truly objectionable. A letter offering compromise or phone call could easily have eliminated objections and enabled plaintiff to obtain discovery. The purpose of the meet and confer rule is to force the parties to confer in good faith. That did not happen in this case. Other than the objection based on the discovery not being sent to a proper party, any objections should have been simple to deal with.

The court is concerned that the parties failure to properly confer has completely deprived the plaintiff of discovery. The court will address plaintiff's first discovery request, (Requests for Production of Documents), sent in September of 2007, (Dkt. # 77, Exhibit 1, Attachment A).

Plaintiff requests:

1. Any and all medical records of Plaintiff from Aug, Sept, Oct. 2005 through and including the date of your response.

2. Any and all reports resulting from the incident of Sept. 29, 2005, not limited to I&I investigation, through and including the date of your response to this request.

3. Any and all reports/records of infraction, and Ad Seg history dating from (6) June through (9) Sept 05.

4. Any and all policies, procedures, regulations, instructions, notes, memoranda, internal communications (Dt 37 offender chrono reports from Sept 29, 05 through Sept. 06), also include Aug of 05, through and including the date of your response to this request.

5. Any and all document pertaining to inappropriate or unethical behavior, and or practices of

ORDER
Page - 4

all the defendants named in this action.

(Dkt. # 77, Exhibit 1, Attachment A).

The Court **ORDERS** defendant Baum to address request number one dealing with medical records and defendant Waddington to address requests two and three. The following limitations apply to these three requests.

1. The relevant time frame for medical record is August 2005 through October 2005.
2. For request number two, if the I&I unit prepared a report, and that report contains information sensitive to security, the defendants may file a further objection with this court. The court will then consider if in camera review of the document is needed.
3. The reports, records of infractions, and Administrative Segregation history from June 2005 through September 2005 is limited to information pertaining to the plaintiff.

The remaining two requests, four and five, seek information that would be inadmissible or is unduly burdensome and these two requests need not be answered.

Defendants Baum and Waddington will have thirty days from the date of this order to provide plaintiff with copies of the documents responsive to these requests. Defendants motion for summary judgement, (Dkt # 70) is re-noted for **July 31, 2008.**

The Clerk is directed to send plaintiff and counsel for defendants a copy of this Order, remove Dkt. # 77 from the courts calendar and re-note Dkt. # 70 for **July 31, 2008.**

DATED this 1 day of May, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 5