UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN ROUSE,

            Plaintiff,

v.

DOUG WADDINGTON *et al.*,

            Defendants.

Case No. C06-5183RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge J. Kelley Arnold. Dkt. 92. The Court has considered the Report and Recommendation (Dkt. 92), Plaintiff's Objections to the Report and Recommendation (Dkt. 94), and the file herein.

Originally filed in February of 2006, Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 6-3. On July 6, 2006, Judge Arnold's recommendation that portions of the Complaint dealing with the return of good time credits be dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) was adopted. Dkt. 16. Plaintiff's motion to amend his Complaint was granted to give him an opportunity to clarify his claims of failure to provide adequate medical care, forcing him to submit to unwanted medical care, and battery. *Id.* On August 28, 2006, Plaintiff filed his First Amended Complaint. Dkt. 19. On September 7, 2006, Plaintiff filed a motion to Appoint Counsel (Dkt. 20) which was denied (Dkt. 22). Plaintiff filed a Motion to file a Second Amended Complaint in November of 2006 (Dkt. 25), which was denied because he failed to attach a

proposed Second Amended Complaint (Dkt. 27). Plaintiff again moved to file a Second Amended Complaint in February of 2007. Dkt. 38. His motion was denied because he was attempting to add the claims which were dismissed in July of 2006. Dkt. 41. In March of 2007, Defendants filed a Motion for a More Definite Statement. Dkt. 42. The motion was granted, and Plaintiff filed a Second Amended Complaint. Dkt. 49. Despite being warned not to add claims which had been dismissed or new claims and/or defendants, Plaintiff's Second Amended Complaint contained a claim regarding the loss of his good time credits, and new claims and defendants. Dkt. 49. As a sanction for failing to comply with the orders of the Court, the new claims and new defendants in the Second Amended Complaint were dismissed with prejudice. Dkt. 59.

Plaintiff's remaining claims are that he was improperly placed in administrative segregation on two occasions based upon his race and religion in violation of his Due Process rights, he received inadequate medical care for MYRSA contrary to his Eighth Amendment rights, and Defendants used excessive force on him in September of 2005 in violation of his Eighth Amendment rights. Dkt. 49. The Court notes that the Report and Recommendation refers to the date September 29, 2008 (Dkt. 92 at 2) in connection with the two Eighth Amendment claims, but all other pleadings indicate the MYRSA medical care issue and the incident involving force took place in 2005 (*See e.g.* Dkt. 49, 70, and 88).

Pending before the Court is the Report and Recommendation recommending dismissal of the remaining claims with prejudice. Dkt. 92. The basic facts and further procedural history are contained in the Report and Recommendation and are adopted here by reference. Plaintiff files Objections to the Report and Recommendation, none of which challenge the findings or conclusions in the Report and Recommendation. Dkt. 94. Accordingly, the Report and Recommendation (Dkt. 92) should be adopted. In Plaintiff's Objections, he argues that he should be permitted to amend his Second Amended Complaint and have counsel appointed for him. Dkt. 94. Each of these issues will be addressed in turn.

Plaintiff first argues that he should have been permitted to amend his complaint in order to "prosecute involved persons who caused injuries, and to cure all deficiencies to his complaint." Dkt.

94, at 1. Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)(*internal quotations and citations omitted*).

To the extent that Plaintiff seeks for the fourth time to amend his complaint, his motion should be denied. This matter has been pending for several years. Plaintiff has had several other opportunities to amend his complaint. Amendment at this stage would likely prejudice the opposing parties. Most importantly, Plaintiff has made no showing that amendment would "cure the deficiencies" in the Complaint such that the case would survive the pending Motion for Summary Judgment. Accordingly, amendment is futile. The motion to amend, to the extent one is made, should be denied.

Plaintiff secondly argues that he should have been appointed counsel and the Court "never answered the motion." Dkt. 94, at 1. Plaintiff appears to again request appointment of counsel. *Id.* Plaintiff's September 7, 2006, motion to appoint counsel was denied. Dkt. 22. Although it is unclear, it appears Plaintiff may have attempted to renew his motion to appoint counsel on March 9, 2007 (Dkt. 40) and again on May 17, 2007 (Dkt. 48). To the extent that he did, his motions should be denied. Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff did not show at the time of these motions, nor has he presently shown, that he is likely to succeed on the merits. He has been able to articulate his claims pro se. Plaintiff is a

seasoned litigator. He is able to explain his positions adequately and raise issues to the court. To the extent that Plaintiff moves for appointment of counsel, his motion should be denied.

Plaintiff does not provide any reason to reject the Report and Recommendation. It should be adopted and the case dismissed with prejudice.

Therefore, it is **ORDERED** that:

(1) Plaintiff's Motion to Amend (Dkt. 94 ) is **DENIED** and Motions for Appointment of Counsel, to the extent that he makes them, (Dkts. 40, 48 and 94) **ARE DENIED**;

(2) The Court **ADOPTS** the Report and Recommendation **(Dkt. 92)**;

(3) The remaining claims are **DISMISSED WITH PREJUDICE**;

(4) Clerk is directed to send copies of this Order to Plaintiff, and to the Hon. J. Kelley Arnold.

DATED this 12th day of January, 2009.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge